Wellspring Capital Mgt. LLC v Ironshore Specialty Ins. Co. (2022 NY Slip Op 02083)





Wellspring Capital Mgt. LLC v Ironshore Specialty Ins. Co.


2022 NY Slip Op 02083


Decided on March 24, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 24, 2022

Before: Gische, J.P., Mazzarelli, Friedman, González, Mendez, JJ. 


Index No. 653517/20 Appeal No. 15579 Case No. 2021-02864 

[*1]Wellspring Capital Management LLC, Plaintiff-Respondent, Wellspring Capital Partners IV, L.P., et al., Plaintiffs,
v
Ironshore Specialty Insurance Company, Defendant-Appellant, Gemini Insurance Company et al., Defendants.


Hangley Aronchick Segal Pudlin & Schiller, and Ansa Assuncao, LLP, White Plains (Ronald P. Schiller of counsel), for appellant.
Adrian & Associates, LLC, New York (James M. Adrian of counsel), for respondent.



Order, Supreme Court, New York County (Joel M. Cohen, J.), entered on or about June 24, 2021, which, to the extent appealed from, denied defendant Ironshore Specialty Insurance Company's (Ironshore) motion to dismiss the complaint as asserted by plaintiff Wellspring Capital Management LLC (Wellspring Capital), unanimously reversed, on the law, with costs, the motion granted and it is declared that Wellspring Capital is not entitled to coverage from Ironshore in the underlying actions.
In this insurance coverage dispute, Wellspring Capital seeks a declaration of insurance coverage in connection with two underlying actions filed in South Carolina and Delaware, in which Wellspring Capital and certain officers and directors of SportCo Holdings, Inc. (SportCo) are defendants. Ironshore issued a Capital Portfolio Company insurance policy to SportCo, which policy identifies Wellspring Capital as SportCo's "Private Equity Sponsor," and under the "Private Equity Sponsor Coverage Extension," extends coverage to Wellspring Capital, pursuant to certain specified conditions, including that "all the Insureds and the Private Equity Sponsor(s) are collectively and solely represented by the same legal counsel" in the relevant underlying actions. To the extent Wellspring Capital was represented by different counsel than an Insured under the policy, it is not entitled to coverage based on the plain meaning of that provision (see Lend Lease [US] Constr. LMB Inc. v Zurich Am. Ins. Co., 28 NY3d 675, 681-682 [2017]). Also, to the extent only Wellspring Capital and its related entities remain in the underlying South Carolina action, Wellspring Capital still is not entitled to coverage under the Private Equity Sponsor Coverage Extension, which provides that "coverage shall extend to any Claim against[] . . . the Private Equity Sponsor(s) to the extent that, and for as long as, the Claim is jointly made and continuously maintained against both an Insured and the Private Equity Sponsor(s)." 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 24, 2022